IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN WALTERS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITIBANK, N.A.,<br><br>    Defendant. | Case No. 21-cv-02190-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION; VACATING HEARING; STAYING CASE** |

Before the Court is defendant Citibank, N.A. ("Citibank") Motion to Compel Arbitration, filed March 29, 2021. Plaintiff Quintin Walters ("Walters") has filed opposition, to which Citibank has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for May 14, 2021, and rules as follows.

In his complaint, Walters, a Citibank customer, alleges he was subjected to racial discrimination in the manner in which Citibank employees provided, or failed to provide, him with services. He asserts two claims, specifically, a claim under § 51.5 of the California Civil Code and a claim for intentional infliction of emotional distress.

By the instant motion, Citibank seeks, pursuant to the Federal Arbitration Act ("FAA"), an order compelling arbitration. In support thereof, Citibank cites to a provision in an agreement, titled Client Manual Consumer Accounts, which provides that any claim "arising out of or related to [the customer's] account(s), a previous related account or [the parties'] relationship" is "subject to arbitration," to be conducted by the American Arbitration Association ("AAA"). (See Satram Decl. Ex. B, Page 36.)

The district court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." See Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." Id.

Here, there is no dispute that Walters is a party to the Client Manual Consumer Accounts agreement and that the arbitration clause therein encompasses his claims. Walters argues, however, that the arbitration clause is invalid on grounds of unconscionability.[1]

Under the FAA, an arbitration agreement is invalid where it is unenforceable under "generally applicable contract defenses" recognized by state law, such as "unconscionability." See AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011). "Under California law, courts may refuse to enforce any contract found to have been unconscionable at the time it was made, or may limit the application of any unconscionable clause." Id. at 340 (internal quotation and citation omitted). "A finding of unconscionability requires [both] a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." Id. (internal quotation and citation omitted).

The Court first addresses Walters' argument that the arbitration clause is substantively unconscionable. In that regard, according to Walters, the clause should not be enforced because it requires him to pay arbitration fees. The clause, however, includes no such provision. Rather, for claims in excess of $74,000, the clause states "arbitration fees will be allocated according to the applicable AAA Rules." (See Satram

//

---

[1] In its reply, Citibank raises, for the first time, an argument that the arbitration clause should be interpreted as delegating to the arbitrator the question of whether the clause is unconscionable. Under such circumstances, Walters has not had an opportunity to respond, and, consequently, in resolving the instant motion, the Court has not considered the delegation issue.

2

Decl. Ex. B, Page 37.)[2] Those Rules, as Citibank points out, require that "[t]he business," in this case, Citibank, "pay the arbitrator's compensation unless the individual, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation." See Consumer Arbitration Rules, effective November 1, 2020, at 4, https://www.adr.org/sites/default/files/Consumer_Fee_Schedule_2.pdf. In sum, the instant arbitration clause is not substantively unconscionable.[3]

Accordingly, Citibank's motion to compel arbitration is hereby GRANTED, and the instant action is hereby STAYED pending completion of arbitration proceedings.

**IT IS SO ORDERED.**

Dated: May 12, 2021

MAXINE M. CHESNEY
United States District Judge

---

[2] In the instant case, it appears Walters is seeking damages in excess of $74,000. In the event he seeks an award in an amount less than such sum, however, the arbitration clause states Citibank will pay both parties' arbitration fees. (See Satram Decl. Ex. B, Page 37) (providing, "[w]e'll pay your share of the arbitration fee for an arbitration of Disputes of $74,000 or less if they are unrelated to debt collection").

[3] In light of such finding, the Court does not address herein Walters' argument that the arbitration clause is procedurally unconscionable. See Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83, 114 (2000) (holding both "procedural and substantive unconscionability" must be shown to render contract invalid).

3